# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GARY P. ABT, <br><br> Petitioner, <br><br> v. <br><br> REED RICHARDSON, <br><br> Respondent. | Case No. 20-CV-165-JPS <br><br><br> **ORDER** |

On February 3, 2020, Petitioner Gary P. Abt ("Abt") filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). In 2013, Abt was charged in Waukesha County Circuit Court with first-degree child sexual assault. *Id.* at 2. He pleaded guilty to the charge and in March 2014 was sentenced to forty years' imprisonment. *Id.* Abt filed a direct appeal which ended in June 2016 with affirmance of his conviction. *Id.* at 3.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Abt's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears Abt's petition is timely. His direct appeal ended on June 22, 2016 and he did not seek certiorari review. (Docket #1 at 3). Thus, his judgment became final on September 20, 2016. Abt then filed a post-conviction motion on February 17, 2017. *Id.* at 4. The pendency of that motion tolled the expiration of the statute of limitations. *Tate v. Pierson*, 52 F. App'x 302, 303 (7th Cir. 2002); 28 U.S.C. § 2244(d)(2). It is not clear whether Abt filed multiple post-conviction motions, but his petition states that the last such motion was finally denied on December 10, 2019. (Docket #1 at 4–6). This action followed on February 3, 2020. It therefore appears that Abt filed this action within the time constraints provided by Section 2244. Should Abt's recitation of state court litigation be erroneous, the Court leaves it to Respondent to raise any timeliness concerns.

The court continues its Rule 4 review by examining Abt's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991).

Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits.").

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278. A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Abt presents nine claims. (Docket #1 at 6–12). The constitutional basis for each of the claims is not well-defined. *Id.*; (Docket #1-1 at 1-4). In any event, the claims take issue with matters from the beginning to the end of Abt's prosecution, including his interrogation, guilty plea hearing, sentencing, and appeal. While Abt's petition could certainly be clearer, the Court cannot conclude that it "plainly" appears from the record that Abt did not exhaust his claims. When Respondent provides the complete record of Abt's state court litigation, the Court's views may change.

The court next reviews Abt's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig,* 294 F.3d 907, 915 (7th Cir. 2002) (citing *Boerckel v. O'Sullivan,* 135 F.3d 1194, 1196–97 (7th Cir. 1998), *rev'd on other grounds by O'Sullivan v. Boerckel,* 526 U.S. 838, 849 (1999)). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. See *O'Sullivan*, 526 U.S. at 848; *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

It appears that Abt has procedurally defaulted on at least some of the claims he seeks to raise in the petition. Abt presented only one argument in his direct appeal. Abt asserted that he should have been allowed to withdraw his guilty plea because he did not understand the charge against him and his lawyer misled him regarding the consequences of pleading guilty. (Docket #1-1 at 5–9). This argument was rejected on its merits by the

circuit court and the court of appeals, *id.*, and the Wisconsin Supreme Court denied Abt's petition for review of those rulings.

This claim is not among the nine Abt presents in the instant petition. Instead, they appear to have been raised for the first time in Abt's post-conviction motion(s). The claims were rejected by the court of appeals as being procedurally barred. (Docket #1-1 at 11–15). Specifically, the court found that Abt had either already tangentially litigated some of the issues in his direct appeal, and that the other claims could have been raised in the direct appeal but were not. *Id.* Abt was not allowed to either re-litigate issues or raise new ones that could have been addressed previously. *Id.*

Because of the uncertainty of the record at this stage, the Court will not dismiss the petition or any claims therein as procedurally defaulted. Respondent may raise the issue of procedural default when and where appropriate. The Court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Abt's federal habeas petition. *See Ray*, 700 F.3d at 996 n.1 (citing *Small*, 998 F.2d at 414, for the proposition that district courts may dismiss petitions that fail to state a claim or are factually frivolous). While the Court is extremely skeptical of many of the claims—Abt's guilty plea severely curtails his ability to challenge aspects of his prosecution, and some of the claims do not appear to be based on constitutional grounds—the Court cannot say that the claims are entirely frivolous at this stage. The Court will, therefore, order briefing on the petition in accordance with the schedule outlined below.

The Court will also address Abt's motion for leave to proceed *in forma pauperis*. (Docket #2). A review of his prison trust account statement reveals that Abt has ample funds to pay the $5.00 filing fee he owes for this action. (Docket #3). Abt's motion will be denied and he shall be required to

pay the filing fee within **fourteen days** of the date of this Order, or this action will be dismissed.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner shall pay the $5.00 filing fee owed in this matter within **fourteen days** of the date of this Order; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

   a. The petitioner shall have 60 days after the filing of the respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

   b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 60

days of service of petitioner's brief, or within 120 days from the date of this order if no brief is filed by petitioner.

c. The petitioner may then file a reply brief, if he wishes to do so, within 30 days after the respondent has filed a response brief.

3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. The petitioner shall have 30 days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. The respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to the State of Wisconsin respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one days from the date of the NEF whether the Department will not accept service of

process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge