# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GARY P. ABT,

          Petitioner,

v.

REED RICHARDSON,

          Respondent.

Case No. 20-CV-165-JPS

**ORDER**

**1.    INTRODUCTION**

On February 3, 2020, Petitioner Gary P. Abt ("Abt") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). On February 12, 2020, the Court screened the habeas petition. (Docket #5). The Court determined that it could not conclude whether Abt had failed to exhaust his claims, but noted that its "views may change" once Respondent Reed Richardson ("Richardson") provided the complete record of Abt's state court litigation. (*Id.* at 4). Subsequently, Richardson filed a motion to dismiss, (Docket #11), which is now fully briefed. With the benefit of the parties' submissions, and for the reasons stated below, the Court will grant Richardson's motion to dismiss.

**2.    BACKGROUND**

In 2013, Abt pleaded guilty and was convicted of first-degree sexual assault of a person under the age of thirteen. (Docket #12-1). The Waukesha County Circuit Court convicted Abt after he admitted that he had sexual contact with his granddaughter when she was three years old. (Docket #12-7 at 2). Before he was sentenced, Abt moved to withdraw his guilty plea. (*Id.*) The circuit court denied the motion, and Abt appealed. (Docket #12-1).

On direct appeal, Abt alleged that the circuit court erred in its decision to deny his presentencing motion to withdraw his plea. (Docket #12-2 at 14). Abt limited his argument on appeal to one claim: that the circuit court should have allowed Abt to withdraw his plea because he was "confused" at the plea hearing and under the misconception that the court, in accepting his plea to first-degree sexual assault of a person under thirteen, would reduce his charge to a lesser offense. (*Id.* at 14–18). The Wisconsin Court of Appeals concluded that "no basis exist[ed] to conclude that the [circuit] court erroneously exercised its discretion in determining that Abt failed to establish a fair and just reason to withdraw his guilty plea." *State v. Abt*, No. 2015AP705-CR, 2016 WL 8605315, at *2 (Wis. Ct. App. Mar. 2, 2016). Accordingly, the court affirmed Abt's judgment of conviction. *Id.* The Supreme Court of Wisconsin denied review of the appeal.

About three years after he was sentenced, Abt returned to the circuit court to file a pro se motion for postconviction relief under Wis. Stat. § 974.06. (Docket #12-7 at 3). After the circuit court denied Abt's motion, Abt once again appealed, advancing several claims for the first time. The Court of Appeals dismissed these new claims because it determined that such claims were procedurally defaulted. *State v. Abt*, No. 2018AP645 (Wis. Ct. App. 2019) (Docket #12-7). The Supreme Court of Wisconsin denied review. Abt then filed a petition for habeas relief in this Court.

3. **ANALYSIS**

In his habeas petition before this Court, Abt raises nine grounds for relief: (1) the State tampered with Abt's interrogation video; (2) the court erroneously introduced into evidence statements Abt made without counsel at a time at which counsel was constitutionally required; (3) Abt's plea was entered without a factual basis to support it; (4) Abt's trial counsel

failed to interview witnesses; (5) ineffective assistance of trial counsel due to their (a) allegedly lying during the plea withdrawal hearing regarding Abt's reaction to watching his interrogation video, (b) telling Abt that his case was "not a guilt case it's a sentencing case," and (c) sending the state assistant district attorney ("ADA") an email; (6) his trial counsel improperly supplemented the presentence investigation report ("PSI") without Abt's knowledge;[1] (7) challenges involving videos from Abt's interrogation, namely that he was coerced; (8) ineffective assistance of trial counsel for failure to turn over notes to postconviction counsel; and (9) a possible challenge to the trial court's plea colloquy ("Element sheet was falsely used"). (Docket #1 at 6–12).

The merits of Abt's habeas petition are not presently at issue. Instead, the question presented by Richardson's motion to dismiss is whether Abt procedurally defaulted or otherwise cannot properly bring his claims before this Court. For the reasons detailed below, the Court determines that Abt's petition for habeas relief must be denied and this case be dismissed.

### 3.1 Abt Raises New and/or Unexhausted Claims in His Petition

A district court may not address the merits of constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). A state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912

---

[1]Abt suggests that this violated his right against double jeopardy under the Fifth Amendment and his right to effective assistance of counsel under the Sixth Amendment. (Docket #15 at 29–30).

(7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts a constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

From the record, it appears that Abt has brought some of his claims for the first time in his federal habeas petition. Therefore, they have not been considered by Wisconsin's highest court. These claims include: Claim 2 (that the circuit court introduced into evidence a statement obtained in the absence of counsel at a time when representation was constitutionally required); Claim 5(b) (that Abt's trial counsel improperly told him that his case was "not a guilt case it's a sentencing case"); Claim 6 (that Abt's trial counsel improperly supplemented the PSI in violation of both his right against double jeopardy and to effective assistance of counsel); Claim 8 (that Abt's trial counsel failed to turn over notes to postconviction counsel); and Claim 9 (that the circuit court "falsely used" an element sheet during the plea colloquy). Because Abt raises these grounds or allegations for the first time in his federal habeas petition, the Court cannot address them on their merits.

### 3.2 Abt's Claims Are Procedurally Defaulted Based on Adequate and Independent State Grounds

Even where a constitutional claim in a federal habeas petition has been exhausted, a court is barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002) (citing *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196–97 (7th Cir. 1998), *rev'd on other grounds by O'Sullivan v. Boerckel*, 526 U.S. 838, 849 (1999)). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *See O'Sullivan*, 526 U.S. at 848; *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). This may include claims that are denied by a state court as procedurally defaulted based on an adequate and independent state rule. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991), *holding modified on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012). In other words, a state court's holding that a claim is procedurally defaulted under certain state laws precludes federal habeas review of that claim. *Id.* at 729–30 ("The doctrine applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.").

In Wisconsin, a person seeking to challenge his or her conviction must raise all available claims in the initial postconviction motion and direct appeal; failure to do this will result in procedural default. *State v. Escalona-Naranjo*, 517 N.W.2d 157, 164 (Wis. 1994). Specifically, "[s]ection 974.06(4) was not designed so that a defendant, upon conviction, could raise some constitutional issues on appeal and strategically wait to raise other constitutional issues a few years later." *Id.* Instead, "the defendant should

raise the constitutional issues of which he or she is aware as part of the original postconviction proceedings." *Id.* The Seventh Circuit Court of Appeals has recognized that the rule stated in *Escalona-Naranjo* is an adequate and independent state procedural ground precluding federal review in habeas proceedings. *Perry v. McCaughtry*, 308 F.3d 682, 690 (7th Cir. 2002) (citing *Liegakos v. Cooke*, 106 F.3d 1381 (7th Cir. 1997)) ("this court has recognized the *Escalona-Naranjo* rule as an adequate state ground"). Thus, when a Wisconsin court bars a claim based on *Escalona-Naranjo*, the federal district court is also precluded from hearing that claim.

Importantly, some defendants may escape procedural default in a § 974.06 postconviction motion if they sufficiently allege that they failed to raise their claims on direct appeal due to ineffective assistance of postconviction counsel. *State v. Romero-Georgana*, 849 N.W.2d 668, 678 (Wis. 2014). To that end, a "defendant must allege specific facts that, if proved, would constitute" ineffective assistance (and thus a sufficient reason) for failing to raise the issues on direct review. *See State v. Allen*, 786 N.W.2d 124, 140 (Wis. 2010).

When reviewing Abt's § 974.06(4) postconviction motion, the Wisconsin Court of Appeals concluded that "all of the new issues" Abt raised could have been raised on direct appeal, and that Abt failed to demonstrate a "sufficient reason" for failing to raise them in his direct appeal (i.e., he did not convince the court that his failure to bring certain claims was due to ineffective assistance of postconviction trial). (Docket #12-7 at 3–5). Additionally, the court noted that while Abt may have raised many of his ineffective assistance of counsel claims in his motion to the circuit court to withdraw his plea, Abt omitted those claims from his direct appeal briefing to the Wisconsin Court of Appeals. Further, he similarly

failed to provide sufficient reasons why he did not raise them on direct appeal.² The court held Abt's claims were procedurally barred. (*Id.*)

Presently, Abt is attempting to bring some of those procedurally barred claims in his federal habeas petition. But this Court cannot consider those claims, as they have been barred by adequate and independent state grounds. The Court understands the following claims in Abt's habeas petition to be barred by state law: Claim 1 (that the state tampered with Abt's interrogation video), (Docket #12-5 at 18–22); Claim 3 (Abt's plea was entered without a factual basis), (*id.* at 23–25); Claim 4 (that Abt's trial counsel failed to interview witnesses), (*id.* at 28); Claim 5(a) (that Abt's trial counsel improperly stated that Abt had a reaction while watching his interrogation video), (*id.* at 33–34); Claim 5(c) (that Abt's trial counsel improperly sent an email to the state), (*id.* at 34–35); and Claim 7 (that certain videos from the care center and his interrogation were coerced), (*id.* at 21–23).

### 3.3 Abt Has Not Overcome Procedural Default and Failure to Exhaust His Claims

A habeas petitioner can overcome his failure to exhaust or procedural default if the petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage') . . . or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (i.e., a claim of actual innocence)." *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004) (internal

---

²Recall that Abt raised only one claim on his direct appeal: that he should have been allowed to withdraw his plea because he was "confused." (Docket #12-2). It appears that he may have included claims of ineffective assistance of counsel in his plea-withdrawal motion to the circuit court, (Docket #12 at 10), but he did not advance such claims to the appellate court in his direct appeal. (Docket #12-2).

citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 479–80.

The alleged "cause" of Abt's failure to bring his claims in state court was "a lack of evidence to support his claims." He argues that he now has "newly discovered evidence." (Docket #15 at 6, 8–10). Abt continues to refer to this new evidence as "certain documents" and "the proper documents," (*see, e.g., id.* at 4–5), but he has not provided these documents to the Court nor has he sufficiently described their contents. Further, because Abt alleges that he urged his appellate counsel to obtain these documents, (*id.* at 3–4), he cannot now argue that these documents are "newly discovered."

Abt also has failed to establish that he is actually innocent. This is a hard burden to meet—a petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless error." *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (internal quotations omitted). Abt has not given the Court sufficient evidence that suggests his actual innocence.

4. **CONCLUSION**

In Abt's submissions to both this Court and the Wisconsin state courts, the specific constitutional violations he alleges are often unclear and

Page 8 of 11
Case 2:20-cv-00165-JPS   Filed 01/29/21   Page 8 of 11   Document 18

blurred. The nine claims that he presents in his petition do not fit neatly into specific constitutional violations, nor do they readily track through his state court proceedings. However, the Court was provided a record showing that the state appellate court had denied *all* of Abt's claims in his § 974.06(4) postconviction motion as procedurally barred. The only of Abt's claims that is fully exhausted and not procedurally barred is his claim on direct appeal that the circuit court should have allowed him to withdraw his guilty plea because he misunderstood the consequences of his plea. (Docket #12-2). This claim—*the only claim Abt could properly bring to this Court*—is not among the nine that Abt presents in the instant petition. (Docket #1). Abt's petition exclusively contains claims on which he has procedurally defaulted or new claims for which he has not exhausted his state remedies. For the forgoing reasons, the Court finds that Abt's petition must be denied and Richardson's motion to dismiss be granted.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court's discussion above makes clear, in light of the state record provided to the Court, no reasonable jurists could debate whether Abt's petition contains claims that are procedurally defaulted or

unexhausted. As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Abt may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *Id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Respondent Reed Richardson's motion to dismiss (Docket #11) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Gary P. Abt's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner Gary P. Abt's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly

Dated at Milwaukee, Wisconsin, this 29th day of January, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge